IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMBARQ RETIREE MEDICAL PLAN, and )
RANDALL T. PARKER, Administrator, )
Embarq Retiree Medical Plan, )
 )
        Plaintiffs, )
 )
  v. ) No. 08 C 4045
 )
KARL BEROLZHEIMER, DAVID A. )
BOHMER, J. THOMAS BROWN, JAMES J. )
KROPID, WILLIAM J. LAGGETT, )
JANET A. LANG, SAMUEL E. LEFTWICH, )
JAMES A. LOVELL, JR., EDWARD W. )
MULLINEX, JR., W.J. NESBIT, JR., )
JAMES D. OGG, LYLE C. ROBERTS, )
J. STEPHEN VANDERWOUDE, RICHARD )
VANDERWOUDE, PAUL G. YOVOVICH, )
 )
        Defendants. )

## OPINION AND ORDER

Plaintiffs in this action are Embarq Retiree Medical Plan (the "Plan") and its Administrator, Randall Parker. The parties agree that the Plan is an employee benefit plan governed by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The Plan provides medical and life insurance benefits to retirees of Embarq Communications Inc. ("Embarq Inc."), and predecessor entities. Allegedly, Centel Corporation

("Centel") is one of those predecessor entities. Also, allegedly Sprint Nextel Corporation ("Sprint") had previously acquired Centel and later spun it off as Embarq Inc. Neither Embarq Inc. nor Sprint are named as parties to the present lawsuit. Named as defendants are 15 former Centel executives ("defendants" or the "Executives") who have claimed in a separate arbitration proceeding that they are entitled to certain benefits under Executive Termination Agreements ("ETA") that permitted them to leave Centel with certain benefits upon a change of control of Centel.[1] The ETA contains an arbitration provision.

The Executives had been receiving benefits from the Plan and there had been no contention that the benefits provided under the Plan were inconsistent with any provision of the ETA. Effective January 1, 2008, the Plan reduced benefits for all retirees, including the named defendants. Defendants, however, contend the ETA requires that Embarq Inc. and/or Sprint, as successors to Centel, continue to provide the Executives with the same level of benefits that existed prior to 2008.

---

[1]One defendant allegedly retired before the change of control, but has a letter agreement with provisions similar to the ETAs of the other defendants. For present purposes, the provisions of each ETA and the letter agreement are identical. Therefore, this opinion will henceforth refer to a single ETA.

The Executives initiated arbitration proceedings against Embarq Inc. and Sprint, contending that those entities must provide the additional benefits purportedly promised in the ETA, but not currently provided by the Plan. The Plan is not a party to the arbitration. The Plan thereafter filed the present suit seeking to enjoin the arbitration on the ground that the Executives' claims in arbitration should properly be brought against the Plan, which is not a party to any arbitration agreement, and contending the Executives must first exhaust their administrative remedies under the Plan. The Plan seeks only declaratory and injunctive relief. Defendants have moved to dismiss on the ground that the Plan lacks standing, this court lacks jurisdiction over the Plan's claim, and/or the Plan fails to state a sufficient basis for relief.

Under Seventh Circuit case law, when an employer establishes a related ERISA plan that fails to provide the benefits separately promised to one or more employees, any claim for deficient benefits in violation of the promise that an employee brings against the employer is a claim related to the ERISA plan and therefore governed by ERISA. See Bartholet v.

Reishauer A.G. (Zurich), 953 F.2d 1073, 1076-77 (7th Cir. 1992).[2] In light of Bartholet, the claim the Executives bring in the arbitration proceeding apparently is governed by ERISA. In Bartholet, as in the Executives' arbitration proceeding, though, only employers were named as defendants. The pertinent plan was not a party in Bartholet just as the Plan has not been named as a party to the arbitration. Even if Bartholet establishes that the Executives' arbitration claims are pursuant to ERISA,[3] it does not establish that the Plan is a necessary party to the arbitration or that the claim purportedly against the employer is really one against a plan. There is no claim in the arbitration that the Plan has violated any of its terms; only a claim that the employers failed to provide contractually promised benefits. Even if the Executives are entitled to relief in the

---

[2] In Bartholet, the Seventh Circuit stated that its decision did not follow precedents from other circuits. 953 F.3d at 1076. No subsequent case, however, has disagreed with this holding of Bartholet and neither party contends that any subsequent Seventh Circuit or Supreme Court case supports that the Seventh Circuit would overturn Bartholet if faced with the issue again.

[3] Even if the claims in arbitration are properly characterized as ERISA claims, parties can agree to arbitrate ERISA claims. Williams v. Imhoff, 203 F.3d 758, 767 (10th Cir. 2000) (collecting cases); Lusk v. Ameriserv Fin., Inc., 2007 WL 2228561 *7 (S.D. Ind. July 31, 2007).

arbitration,[4] relief could be fashioned by requiring that the employers provide supplemental benefits by providing a monetary award based on the cost of the Executives independently purchasing additional benefits. Of course, it is possible, but not necessarily likely, that any relief obtained would be done through the Plan. If so, though, that would involve additional payments from Embarq Inc. and/or Sprint. That does not equate with violating terms of a plan. As things now stand, the Executives are not requesting any interpretation of or violation of the Plan and no relief has been requested that requires any modification of the Plan.

Since the Plan and its Administrator are not parties to the arbitration and no relief is requested from them, they do not have standing to enjoin the arbitration. Cf. State St. Bank & Trust Co. v. American Olean Tile Co., 1991 WL 75204 (E.D. Pa. May 2, 1991) (no standing to enjoin confirmation of arbitration award when litigant was not a party to the arbitration). Since plaintiffs lack standing to bring the present action, this case

---

[4]In their arbitration claim, the Executives' prayer for relief includes: "An award of the complete restoration of all of the lost benefits required to be provided to the [Executives] and their eligible dependents under the [ETA] and denied by [Sprint/Embarq] to date or the equivalent value thereof."

will be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [18] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiffs dismissing plaintiffs' cause of action without prejudice for lack of subject matter jurisdiction.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 14, 2009